UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RONALD SATISH EMRIT, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 23-0109 (UNA) |
| | : | |
| | : | |
| BRITISH SECRET SERVICE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1. The Court will grant the *in forma pauperis* application and dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court must dismiss a case "at any time" if it determines that the action is frivolous.

Plaintiff, "an indigent, disabled, and unemployed resident of the state of Florida," Compl. ¶ 8, alleges that neither the CIA, NSA nor FBI offered him a position, *see id.* ¶¶ 26-27, 28, because "he has been used as 'intelligence subject' and/or a 'guinea pig' for various mind control programs," *id.* ¶ 28. According to plaintiff, the "CIA . . . allows foreign intelligence such as MOSSAD or MI5/MI6 to 'experiment' with Americans in various mind control programs" in violation of international law. *Id.* ¶ 31. In addition to monetary compensation of $80,000, *see id*. at 17, plaintiff demands "an injunction precluding and/or enjoining the 'British co-defendants' from trying to communicate with [him] through subliminal messaging on Cable TV or internet and/or engaging in an international conspiracy to violate [his] rights," *id*. at 18.

1

Notwithstanding the number of claims plaintiff purports to bring, *see generally id.* ¶¶ 32-52, the Court cannot identify a claim with "an arguable basis in law and fact," *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984). Rather, because the complaint appears to be based on "fanciful factual allegations[]," it is subject to dismissal as frivolous, *Neitzke v. Williams*, 490 U.S. 319, 328 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").

The Court will grant plaintiff's application to proceed *in forma pauperis* and dismiss the complaint without prejudice. An Order is issued separately.


DATE: February 10, 2023                    /s/
                                           RUDOLPH CONTRERAS
                                           United States District Judge